UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
|
KEVIN RAZZOLI,                                              |
|
                Petitioner,    |
|    09 Civ. 4323 (KMW)
    -against-                                              |
|    OPINION AND ORDER
UNITED STATES NAVY, UNITED STATES                           |
ATTORNEY GENERAL, UNITED STATES                             |
PROBATION DEPARTMENT, DIRECTOR OF                           |
THE FEDERAL BUREAU OF INVESTIGATION,                        |
UNKNOWN DEFENDANTS, et al.,                                 |
|
                Respondents.   |
|
------------------------------------------------------------X

KIMBA M. WOOD, U.S.D.J.:

      Pro se Petitioner Kevin Razzoli, a federal prisoner on parole, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner appears to challenge the legality of his sentence based upon (1) the alleged falsification of a 2003 arrest warrant for car theft that led to the revocation of his parole; (2) an allegedly erroneous finding of drug use in 2003 that led to a loss of "street-time" credit for certain time he spent on parole; (3) inaccurate records, maintained by the Probation Department, regarding his arrest for attempted murder in the mid-1980s. Petitioner, in his steady stream of letters and applications to the Court, also makes a number of largely incomprehensible allegations concerning the conduct of various federal officials. The Court has construed his petition liberally — that is, the Court has construed it to raise the strongest arguments it suggests. See Pabon v. Wright, 459 F.3d 241, 248 (2d Cir 2006). For the reasons set forth below, the Court DENIES the petition. In brief, Petitioner cannot show that the alleged errors he complains of resulted in any continuing collateral consequences.

1

I. Background

In 1987, Petitioner was convicted by a United States Navy court martial of, inter alia, kidnapping and attempted murder. He was sentenced to a term of imprisonment of twenty-five years. On April 9, 2001, Petitioner was granted parole and placed on parole supervision. The date upon which Petitioner was to complete his full sentence, including any time Petitioner had remaining on parole (Petitioner's "full-term date"), was August 30, 2012.[1] Since Petitioner's release from prison, Petitioner's parole has been revoked on numerous occasions, most recently in January 2007.[2]

Petitioner's claims in this petition relate, in part, to an earlier parole revocation in 2003. On April 24, 2003, Petitioner was arrested in Orangetown, New York for unauthorized use of a motor vehicle. The next day, a probation officer spoke to Petitioner, and he admitted that he had used cocaine the day of his arrest. A parole violation warrant was issued for Petitioner's "use of dangerous and habit forming drugs"; on May 1, 2003, the warrant was supplemented to include the motor vehicle charge. On October 1, 2003, after a hearing, the Parole Commission issued a Notice of Action revoking Petitioner's parole. The Notice of Acton stated that no finding was being made as to the car theft because of "insufficient evidence"; it stated, rather, that Petitioner's parole was being revoked because he admitted to the hearing officer that he had used

---

[1] Pursuant to the United States Sentencing Commission's initial set of sentencing guidelines, which took effect on November 1, 1987, defendants sentenced for offenses committed on or after November 1, 1987 are not eligible for parole consideration. Post-release supervision, termed "supervised release," is provided as a separate part of the sentence under the jurisdiction of the court. The United States Parole Commission retained jurisdiction over defendants (as in this case) who committed their offenses prior to November 1, 1987.

[2] Petitioner was placed on parole supervision on January 23, 2009, with a new full-term date of January 16, 2013 (after losing credit for certain of the time Petitioner spent on parole). At the time Petitioner filed this action in May 2009, he was at liberty, on parole. He is now in custody.

illegal drugs in January, February, and March 2003.  (Cowart Decl. Exs. 17, 18.)  The Notice of Action also stated that all of the time Petitioner spent on parole would be credited towards his full sentence.  (Cowan Decl. Exs. 18; 19.)  Petitioner was sentenced to eight months imprisonment, and on December 19, 2003, he was released from custody to parole supervision.

Petitioner appealed the Parole Commission's revocation decision on the grounds that, inter alia, he did not steal the car referenced in the Orangetown arrest report and that he did not use any illegal drugs.  The National Appeals Board affirmed the Commission's decision on the grounds that:  (1) the Commission made "no finding" on the auto theft charge, and therefore, "any procedural unfairness relating to this charge does not provide a relevant basis for reversing the revocation order, which was based exclusively on [Petitioner's] repeated cocaine use"; and (2) Petitioner's claim that he did not use cocaine in April 2003 was contradicted by the records of a telephone conversation with his probation officer, and was, in any event, not contested at the revocation hearing.[3]  (Cowan Decl. Ex. 20.)

II.  Discussion

A challenge to the execution of a prison sentence, including the administration of parole, is governed by 28 U.S.C. § 2241.  Levin v. Apker, 455 F.3d 71, 78 (2d Cir. 2006).

---

[3] On May 27, 2003, Petitioner filed a petition for a writ of habeas corpus in the Eastern District of New York challenging the basis for the April 2003 parole violation warrant.  The petition was dismissed without prejudice, as parole revocation proceedings were ongoing, and therefore, Petitioner had failed to exhaust his administrative remedies.  In October 2003, Petitioner filed a new action under the Privacy Act challenging the accuracy of the records evidencing his April 2003 drug use and car theft.  Judge Amon, affirming the Magistrate Judge's Report and Recommendation, dismissed Petitioner's claim, finding that Petitioner failed to prove that the records were inaccurate, and in any event, he suffered no damages as a result of the alleged inaccuracies.  Razzoli v. Federal Bureau of Prisons, 03-Civ-5434 (E.D.N.Y.) (CBA (LB), Docket Nos. 56, 57; see Cowan Decl. Ex. E.

3

To satisfy Article III's case or controversy requirement, a petitioner who challenges a parole revocation decision must demonstrate that he suffers continuing collateral consequences as a result of the parole revocation. Spencer v. Kemna, 523 U.S. 1, 14 (1998). The Supreme Court has explained that a petitioner challenging a parole revocation, unlike a petitioner challenging an original conviction, is not entitled to a presumption that he suffers any present or ongoing injury as a result of the revocation. Id. 13-14. A habeas petitioner who is no longer in custody and who is challenging the result of a parole revocation hearing must demonstrate a "concrete, ongoing injury-in-fact attributable to his parole revocation." Hicks v. Lacy, Nos. 99 Civ. 4523(DLC), 00 Civ. 2307(DLC), 2003 WL 22510323, at * 4 (S.D.N.Y. Nov. 4, 2003); see also United States v. Probber, 170 F.3d 345, 348 (2d Cir. 1999). Petitioner cannot make the necessary showing as to any of his claims.

Petitioner's first two claims relate to his parole revocation in 2003. Petitioner cannot demonstrate any concrete, ongoing injury attributable to this parole revocation. Petitioner was released from prison in December 2003, and this parole revocation did not extend the length of Petitioner's ultimate sentence. (Indeed, Petitioner's first claim, related to the alleged falsification of the 2003 car theft report, played no role in the Commission's decision to revoke Petitioner's parole in the first place.) Although Petitioner's full term date has been extended from the original August 30, 2012 date to January 16, 2013, this extension has been the result of other parole revocations.[4] (See Cowan Decl. Exs. 8, 26, 31.)

---

[4] Because the Court denies the petition as failing to demonstrate an injury in fact, the Court need not address Respondent's other ground for dismissal, namely, that the petition should also be dismissed as an "abuse of the writ" because each of Petitioner's claims could have been raised in previous habeas petitions filed by Petitioner.

Petitioner's third claim is also based on a fact that did not alter his sentence. He claims — correctly — that the Bureau of Prisons' sentencing records (see Cowan Decl. Ex. 36) are inaccurate, in that they show Petitioner's original offense date as October 15, 1986 instead of showing it to have been August 30, 1987.[5] That inaccuracy has had no effect on either the length of Petitioner's confinement or the terms and conditions of his parole. The Navy and the Parole Commission did not use the offense date to compute the length of Petitioner's sentence and the time left on parole; rather, they used the date Petitioner was sentenced, December 1, 1987.[6] (See Exs. 1, 5.)

III. Conclusion

The petition for habeas corpus is denied. Petitioner's motion and supplemental motion for "injunctive relief" (Dkt. Nos. 4, 5) and various other letter requests are denied as moot. Petitioner's remaining — and largely incomprehensible — claims, concerning inter alia the Government's alleged use of "thermal gamma imagery" to sterilize Petitioner, are dismissed as frivolous. See Razzoli v. Executive Office of the President, 08 Civ. 0139 (UNA), Dkt. No. 4 (Memorandum Opinion, dated March 5, 2008 at 1-2) (dismissing as frivolous Razzoli's claims that federal government subjected him to

---

[5] Although the inaccuracy does not affect this decision, the Court notes that, according to Respondents, if Petitioner wishes to seek a correction of the Bureau of Prison records, he must follow the procedures set forth in Bureau's Program Statement. See Bureau of Prisons Program Statement 5800.11 § 15(c), available at http://www.bop.gov/policy/progstat/5800_011.pdf.

[6] To the extent that Petitioner's petition claims a violation of the Privacy Act, 5 U.S.C. § 552a, this claim is without merit. The named defendant, the United States Probation Department, is a unit of the federal courts and is not subject to the Privacy Act. Ramirez v. Dep't of Justice, 594 F. Supp. 2d 58, 61-62 (D.D.C. 2009). To the extent that Petitioner claims that the Bureau of Prisons violated the Privacy Act, this claim would also fail: the Bureau of Prisons is exempt from the record-keeping and damages provisions of the Act, and therefore, Petitioner has no claim based on any harm that he alleges was caused by inaccuracies in the Bureau of Prison records. Ramirez, 594 F. Supp. 2d at 65-66; see 28 C.F.R. § 16.97(a)(4).

electronic devices causing, in Petitioner's words, "loss of hair on legs, loss of er[]ection").

The Clerk of the Court is directed to close this case; any pending motions are moot.

SO ORDERED.

Dated: New York, New York
       April 9, 2010

_____
Kimba M. Wood
United States District Judge