UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
KEVIN RAZZOLI,

                       Petitioner,

                                                                                        09 CV 4323 (KMW)
              -against-                                      OPINION & ORDER

UNITED STATES NAVY, UNITED STATES
ATTORNEY GENERAL, UNITED STATES
PROBATION DEPARTMENT, DIRECTOR OF
THE FEDERAL BUREAU OF INVESTIGATION,
UNKNOWN DEFENDANTS, et al.,

                       Respondents.
-----------------------------------------------------------------x
WOOD, U.S.D.J.:

       By Opinion and Order dated April 12, 2010 ("the April 12 Order"), this Court denied *pro se* Petitioner Kevin Razzoli's ("Petitioner") petition for habeas corpus. That petition challenged the legality of an earlier revocation of his parole in 2003 based upon Petitioner's allegations: (1) that the falsification of an arrest warrant for car theft led to the revocation; (2) that an erroneous finding of drug use led to a loss of "street-time" credit for time spent on parole; and (3) that the Probation Department relied upon inaccurate records regarding Petitioner's arrest for attempted murder in the mid-1980s. (*See* Dkt. No. 19.) On April 16, 2010, Petitioner filed a notice of appeal to the Second Circuit. (Dkt. No. 23.) On December 21, 2010, the Second Circuit issued a mandate denying Petitioner's appeal "because it lack[ed] an arguable basis in law or fact" pursuant to 28 U.S.C. § 1915(e). (Dkt. No. 27.) On May 3, 2011, Petitioner filed the instant motion for reconsideration, pursuant to Federal Rule of Civil Procedure 60(b)(6) ("Rule

60(b)(6)"). (Dkt. No. 28.) Petitioner also submitted a letter to the Court in which he renews his largely incomprehensible allegations concerning the conduct of various federal officials.[1]

Petitioner, who is currently in custody for a subsequent, unrelated parole violation, simultaneously filed a request for a hearing and appointment of counsel pursuant to 18 U.S.C. § 3006A in order to oppose a Notice of Action ("the Notice") issued by the United States Parole Commission ("Parole Commission") on December 30, 2010. (Dkt. No. 29.)[2] The Notice continued Petitioner's November 30, 2010 parole hearing, pending a "forensic evaluation that includes psychological testing to help rule out the presence of a psychotic disorder and/or personality disorder." (Dkt. No. 28.) Petitioner was ordered to be temporarily transferred to a medical facility for the purpose of conducting the evaluation.

The Court has liberally construed Petitioner's submissions to raise the strongest arguments they suggest. *See Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006). For the reasons set forth below, the Court denies Petitioner's motion for reconsideration and his application for a hearing and court-appointed counsel.

## A. Motion for Reconsideration

### 1. Applicable Law

Rule 60(b) permits the Court to relieve a party from an order in the event of mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, or exceptional and

---

[1] In addition to renewing his claims of arrest warrant falsification, Petitioner makes cryptic references to, *inter alia*, the Government's "acts of illegal intrusion" and alleged use of "devices that caused [Petitioner] not to have children." (Dkt. No. 32.) To the extent that these allegations are proffered as arguments in support of Petitioner's Rule 60(b)(6) motion, the Court rejects them as frivolous and without merit.

[2] Petitioner appended the Notice to his motion for reconsideration, and not to his motion for court-appointed counsel, despite the fact that the temporary transfer mandated by the Notice is completely unrelated to Petitioner's original habeas petition. The Court will consider the Notice to be a part of Petitioner's motion for court-appointed counsel.

extraordinary circumstances.[3]  Fed R. Civ. P. 60(b); *see House v. Sec'y of Health & Human Servs.*, 688 F.2d 7, 9 (2d Cir. 1982).  Petitioner moves for reconsideration pursuant to subsection 6 of Rule 60(b), which allows a court to relieve a party of a judgment "for any . . . reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).  Relief under this catch-all provision is warranted "only where there are extraordinary circumstances or where the judgment may work an extreme and undue hardship."  *United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009) (internal citations omitted); *see also United States v. Int'l Bhd. of Teamsters,* 247 F.3d 370, 391 (2d Cir. 2001) (Rule 60(b) relief is "generally not favored and is properly granted only upon a showing of exceptional circumstances") (citation omitted).  When presented with a Rule 60(b) motion that attacks a movant's underlying conviction (or in this case, parole revocation), and not the integrity of the federal habeas proceeding, a district court may deny the motion as beyond the scope of Rule 60(b).  *Harris v. United States*, 367 F.3d 74, 82 (2d Cir. 2004).[4]  By contrast, a Rule 60(b) motion that attacks the integrity of a previous habeas proceeding may be considered on its merits.  *Id.*

---

[3] Rule 60(b) specifically provides that relief may be granted for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."  Fed. R. Civ. P. 60(b).

[4] Alternatively, the court may give the movant an opportunity to withdraw the motion before treating it as a second or successive habeas petition and transferring it to the Court of Appeals for possible certification.  *Harris*, 367 F.3d at 82.  However, the Second Circuit has cautioned that portions of a Rule 60(b) motion should not be characterized as a successive habeas petition unless the district court believes new challenges are presented therein.  *Id*.  The Court does not believe that Petitioner's motion presents any such new challenges and therefore will not treat the motion as a second or successive habeas petition.

**2. Application of Law to Fact**

This Court is barred from reconsidering its denial of habeas relief because the Second Circuit already denied Petitioner's appeal of the Court's April 12 Order.  As noted, the Second Circuit issued a mandate dismissing Petitioner's appeal "because it lack[ed] an arguable basis in law or fact" pursuant to 28 U.S.C. § 1915.  (Dkt. No. 27.)   That court's review precludes this Court from reconsidering its prior ruling.  *See United States v. Stanley*, 54 F.3d 103, 107 (2d Cir. 1995) ("The [mandate] rule bars [a] district court from reconsidering or modifying any of its prior decisions that have been ruled on by the court of appeals.")[5]  Petitioner's motion for reconsideration is therefore denied.

**B. Application for Court-Appointed Counsel**

Pursuant to 18 U.S.C. § 3006A, Petitioner seeks a hearing and appointment of counsel, so that he may oppose the Parole Commission's order to temporarily transfer him to a medical facility for the purpose of conducting a psychological evaluation.  Because the Court finds that Petitioner is not entitled to such a hearing, it denies Petitioner's motion.

**1. Applicable Law**

18 U.S.C. § 4245(a) provides: "If a person serving a sentence of imprisonment objects . . . . to being transferred to a suitable facility for *care or treatment*, an attorney for the Government .

---

[5] Even assuming, *arguendo*, that it could consider Petitioner's motion, the Court denies it on the merits.  To the extent that Petitioner intends to attack his underlying parole revocation, it is outside the scope of Rule 60(b).  *Harris*, 367 F.3d at 82.  To the extent that he intends to attack the integrity of this Court's previous habeas proceeding, Petitioner has not met the strict standard required to grant a motion to reconsider.  A motion for reconsideration is appropriate only where the movant can point to controlling decisions or evidence that a court overlooked and that would have influenced its earlier conclusion.  *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *Shamis v. Ambassador Factors Corp.*, 187 F.R.D. 148, 151 (S.D.N.Y. 1991) (Sweet, J.); *see also* Local Rule 6.3 (requiring the movant to "set [ ] forth concisely the matters or controlling decisions which [the party] believes the court has overlooked").  Petitioner fails to point to any controlling decisions or evidence that this Court overlooked in deciding to deny his habeas petition.

4

. . may file a motion for a hearing on the present mental condition of the person."[6] (emphasis added). 18 U.S.C. § 4247(d) requires that the subject of a mental condition hearing be represented by counsel, and stipulates that counsel must be appointed, pursuant to 18 U.S.C. § 3006A, for any person financially unable to obtain adequate representation.

In *United States v. Jones*, the Eighth Circuit analyzed "whether 18 U.S.C. §§ 4245 and 4247 require that a prisoner be given a hearing before he can be transferred by prison officials to another facility for a psychiatric or psychological *evaluation* to determine whether commitment proceedings should be initiated against the inmate." 811 F.2d 444, 447 (8th Cir. 1987) (emphasis added). After thoroughly analyzing the statute, the Circuit Court determined that a pre-transfer hearing was not required for a prisoner who was transferred for an evaluation only, rather than for care or treatment: "In section 4245(a), Congress recognizes only transfers for care or treatment as those which require a hearing. Transfers for evaluations or tests are not mentioned. It is reasonable to infer, therefore, that since evaluations were not mentioned, Congress was only concerned with transfers of a more long-term or indefinite nature." *Id.* The Court was guided not only by the plain language of the statute but also by common sense: because section 4245(d) contemplates that the hearing will address whether a prisoner suffers from a mental disease or defect and should therefore be transferred for care or treatment, an "evaluation would be, in most instances, a necessary predicate" before a court could consider the prisoner's mental condition. *Id.* at 448. "It would be incongruous for the court to grant a motion to transfer a prisoner on the grounds of 'reasonable cause to believe' that the prisoner is suffering from a mental disease or defect without the benefit of medical testimony to that effect." *Id.* The

[6] The Court notes that the language of the statute implies that the motion for a hearing may be requested by the Government only and not by the prisoner. The Government has not made such a motion in the instant case. Even if the statute could be read to permit it to grant a hearing on a prisoner's motion, the Court would decline to do so. As discussed *infra*, this Court agrees with the Eighth Circuit's determination that a prisoner is not entitled to a hearing in advance of a transfer for evaluation alone. *See United States v. Jones*, 811 F.2d 444 (8th Cir. 1987).

*Jones* Court also held that Congress's failure to provide such a hearing was not a violation of due process.  811 F.2d at 448; *see also Fant v. Fed. Bureau of Prisons*, 1993 WL 318888 at *1 (D.C. Cir. 1993) (citing *Jones* with approval).  This Court agrees with, and adopts, the holding in *Jones*.

### 2.  Application of Law to Fact

The Parole Commission in this case ordered Petitioner to be temporarily transferred specifically for the purpose of a psychological *evaluation*.  The Notice stipulates that Petitioner must be transferred "to a medical facility for the purpose of conducting a forensic *evaluation* that includes psychological testing to help rule out the presence of a psychotic disorder and/or personality disorder, and that "*[u]pon completion of the evaluation, the [Bureau of Prisons] shall transfer [Petitioner] back* to MDC Brooklyn . . . ."  (Dkt. No. 28 (emphasis added).)  The plain language of the Notice makes clear that Petitioner is not being transferred "for the purpose . . . of care or treatment."  *Jones*, 811 F.2d at 448.  Petitioner is therefore not entitled to a hearing under 18 U.S.C. §4245.  *Id.* at 447 (holding that prisoners "transferred merely for evaluation fall outside the scope of the statute").  Because he is not entitled to a hearing, he is not entitled to court-appointed counsel under 18 U.S.C. §§ 3006A or 4247.

## C.  Conclusion

For the foregoing reasons, Petitioner's motion for reconsideration and his request for a hearing and court-appointed counsel are denied.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis*

status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

DATED:   New York, New York
         October 25, 2011

<div style="text-align:right">
_____
KIMBA M. WOOD
United States District Judge
</div>